# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**MICHAEL ANTYON HENDERSON**                                  **PLAINTIFF**

**V.**                       **NO. 3:18CV00093-JMV**

**NANCY BERRYHILL**
*COMMISSIONER OF SOCIAL SECURITY*                       **DEFENDANT**

## ORDER ON PETITION FOR ATTORNEY FEES

Before the Court are Plaintiff's motion [17] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Defendant's response [19], and Plaintiff's reply [20].

In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Final Judgment [16] dated March 21, 2019, this Court remanded this case to the Social Security Administration for further proceedings. Plaintiff now seeks an award of attorney fees made payable to his counsel in the amount of $4,977.00, which represents 25 hours at a rate of $199.08 for work in 2018 and 2019. The Acting Commissioner objects to the fee request on the grounds that any fee award should be made payable to Plaintiff, not directly to his counsel, and the number of hours used to calculate the award is "artificially inflated" because Plaintiff's itemization reflects billing in half-hour increments. The Acting Commissioner suggests a 10% reduction of attorney time (2.5 hours) is warranted. In his reply Plaintiff states, *inter alia*, that the itemization is an accurate representation of time spent and that counsel rounded down in calculating the time spent.

The Court has thoroughly considered the submissions of the parties and finds the Commissioner's objections are well taken. First, pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521,

2522 (2010), EAJA awards are payable to the litigant, not counsel. Next, Plaintiff has submitted no authority in support of awards based upon the practice of half-hour billing. Indeed, it is inconceivable that brief tasks, including "[r]eviewed answer filed to complaint" and "[r]eviewed Order granting Motion for leave to Proceed in Forma Pauperis" each took thirty minutes as each of these documents is essentially standard. Moreover, block entries, including "[a]ssessed claim for Federal District Court, had conference with Plaintiff, drafted and filed complaint and submitted summons to the clerk for service of process"; and "[r]eviewed Transcript, performed legal research, drafted brief, made edits to brief, and submitted brief on ECF" are not sufficiently itemized to allow the Court to determine whether a reasonable amount of time was spent on each task. *See Hagan v. MRS Associates, Inc.*, 2001 WL 531119, at *3-5 (E.D. La. May 15, 2001) (court reduced total hours recorded by ten percent where time entries contained multiple, unrelated tasks lumped together and reflected many quarter-hour entries for brief tasks). Accordingly, the Court agrees with the Acting Commissioner that a 2.5 hour reduction of time is warranted in this instance.

**THEREFORE, IT IS ORDERED**:

That the Acting Commissioner shall promptly pay to Plaintiff a total of $4,479.30 in attorney fees for the benefit of counsel for Plaintiff.

This 22nd day of May, 2019.

/s/ Jane M. Virden
U. S. Magistrate Judge